IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PARENTS DEFENDING EDUCATION *Plaintiff*, v. OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*, *Defendants.* | Case No. 2:23-cv-01595 |

**PARENTS DEFENDING EDUCATION'S OPPOSITION TO DEFENDANTS'
MOTION TO CONTINUE HEARING**

Parents Defending Education opposes Olentangy Local School District's motion to continue the preliminary-injunction hearing. The Court need not delay its ruling simply because the District filed a motion to dismiss for lack of standing. Nor should the Court's resolution of these important issues be delayed given the approaching school year.

On May 11, PDE filed a motion for a preliminary injunction, asking the Court to preliminarily enjoin the District from enforcing policies that infringe the constitutional rights of PDE's members. Dkt. 7. The District filed its opposition on June 1, arguing, among other things, that PDE's preliminary-injunction motion should be denied because PDE lacks standing. Dkt. 13. On June 14, the Court scheduled a preliminary-injunction hearing for July 24. Dkt. 14. On June 27, six weeks after PDE filed its preliminary-injunction motion and nearly two weeks after briefing for that motion was completed, Dkt. 15, the District filed a motion to dismiss and asked the Court to postpone resolving PDE's preliminary-injunction motion until it had determined whether PDE has standing, Dkt. 16 at 15. According to the District, the Court "must determine whether or to what extent it has jurisdiction" "*before* entertaining the merits of Plaintiff's request for a preliminary injunction." Dkt. 16 at 15.

1

The District misstates the law. The Court need not postpone ruling on PDE's preliminary-injunction motion simply because the District filed a motion to dismiss. *See Laclede Gas Co. v. St. Charles Cnty.*, 713 F.3d 413, 416 (8th Cir. 2013) (rejecting "a categorical rule that when dealing with a preliminary injunction motion … district courts must always rule upon an opposing party's assertion that the court lacks jurisdiction"); *Thigulla v. Jaddou*, 2022 WL 4608899, at *1 (D. Neb. Sept. 30, 2022) ("[T]he Court can consider the plaintiffs' request for emergency relief and address the jurisdictional challenge in due time."). Nor does the District cite any contrary authority, other than referencing the basic principle that jurisdiction is a "'threshold determination'" that the Court must resolve before reaching the *merits*. Dkt. 16 at 15 (quoting *American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007)). That, of course, is not the case here.

Nor should the Court delay resolution of PDE's motion as a matter of discretion. School will resume on August 17—just three and a half weeks after the July 24 hearing. *See School Calendars*, Olentangy Schools, perma.cc/8Y9C-M7DC. A ruling on the preliminary-injunction motion is needed by then. Simply put, "delaying resolution of the motion for a preliminary injunction" until briefing is complete risks "substantial prejudice" to PDE. *Integrated Prac. Sols., Inc. v. Wilson*, 2013 WL 2396446, at *3 (S.D. Cal. May 31, 2013).

At a minimum, the Court should resolve the two motions simultaneously. The District already argued in its opposition to PDE's preliminary-injunction motion that PDE lacks standing, *see* Dkt. 13 at 5-8, and so the Court will need to address the issue regardless. The District cites no precedent for the relief it seeks—delaying any resolution of the preliminary-injunction motion until *after* the Court resolves its motion to dismiss.

For these reasons, the Court should deny the District's motion to continue the preliminary-injunction hearing.

Date: July 7, 2023	Respectfully submitted,

               *s/ J. Michael Connolly*

               J. Michael Connolly (admitted *pro hac vice*)
               Taylor A.R. Meehan (admitted *pro hac vice*)
               James F. Hasson (admitted *pro hac vice*)
               Thomas S. Vaseliou (admitted *pro hac vice*)
               CONSOVOY MCCARTHY PLLC
               1600 Wilson Blvd., Suite 700
               Arlington, VA 22209
               (703) 243-9423
               mike@consovoymccarthy.com
               taylor@consovoymccarthy.com
               james@consovoymccarthy.com
               tvaseliou@consovoymccarthy.com

               Emmett E. Robinson (OH Bar No. 88537)
               Trial Attorney
               ROBINSON LAW FIRM LLC
               6600 Lorain Ave. #731
               Cleveland, OH 44102
               Telephone: (216) 505-6900
               Facsimile: (216) 649-0508
               erobinson@robinsonlegal.org

**CERTIFICATE OF SERVICE**

  I certify that on July 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which will automatically send email notification to all counsel of record.

               *s/ J. Michael Connolly*