**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | | |
|---|---|---|
| **PARENTS DEFENDING EDUCATION** | : | Case No. 2:23-CV-01595 |
| | : | **Chief Judge Algenon L. Marbley** |
| Plaintiff, | | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| v. | | |
| | : | |
| **OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION,** et al. | : | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE HEARING ON PRELIMINARY INJUNCTION PENDING ADJUDICATION OF JURISDICTIONAL ISSUES** |
| Defendants. | : | |
| | : | |

**I.  BACKGROUND**

This case involves the claims of four pseudonymous parents asserted by the plaintiff, the non-profit organization called Parents Defending Education ("PDE"), against the Olentangy Local School District Board of Education (the "District" or "Board") and Kevin Daberkow, Brandon Lester, Kevin O'Brien, Libby Wallick, LaKesha Wyse, Mark T. Raiff, Randy Wright, and Peter Stern (collectively, "Defendants"). See Doc. # 1, generally. PDE, through its anonymous parent-members, asks this Court to enjoin the District from enforcing its policies regarding harassment and personal communication devices. Id.

Plaintiff, however, lacks standing.  Because jurisdiction is a threshold inquiry, Defendants moved this Court, in part, to continue the hearing set on Plaintiff's Motion for Preliminary Injunction unless and until this Court determines it has jurisdiction.  Plaintiff opposes the request to continue the hearing in reliance on inapposite out-of-circuit precedent.  However, Sixth Circuit precedent maintains the importance of requiring jurisdictional challenges to be resolved prior to the merits.

**II.      LEGAL ANALYSIS**

It is well-settled that, *before* entertaining the merits of Plaintiff's request for a preliminary injunction, the Court must determine whether or to what extent it has jurisdiction. See, e.g., Am. Telecom Co., L.L.C. v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold determination.") (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S. Ct. 1003, 1010, 140 L. Ed. 2d 210 (1998)).

In its opposition, Plaintiff contends that the District misstated the law regarding jurisdiction as a threshold inquiry. In doing so, Plaintiff ignores direct, unaltered quotations from Sixth Circuit precedent and instead opts to rely on cases from the Eighth Circuit. In Laclede Gas Co. v. St. Charles Cty., 713 F.3d 413, 416 (8th Cir.2013), cited by Plaintiff, the court indicated that there was no precedent *in the Eighth Circuit* for a categorical rule requiring a district court to rule on jurisdiction first. Yet, the Eighth Circuit simultaneously noted that the Fifth Circuit had such precedent. Although the court found the error in ruling on the preliminary injunction was not reversible, it admitted the preferable approach is to resolve jurisdictional concerns prior to the merits. Finally, the Laclede Court appears to have overlooked the Eighth Circuit precedent that quite plainly stated, in reliance on Fifth Circuit precedent: "'The question of jurisdiction is always vital.'" Land-O-Nod Co. v. Bassett Furniture Industries, Inc., 708 F.2d 1338, 1340 (8th Cir. 1983) (quoting Eighth Regional War Labor Board v. Humble Oil & Refining Co., 145 F.2d 462, 464 (5th Cir. 1944)). Plaintiff next relies upon a case from the District of Nebraska, Sandeep Thigulla & Sarvani Thigulla v. Ur Jaddou, Dir., U.S. Citizenship & Immigration Servs., D.Neb. No. 4:22CV3168, 2022 U.S. Dist. LEXIS 179703 (Sep. 30, 2022). That case relied on Laclede without consideration of Land-O-Nod or the Supreme Court's holding in Steel Co., *supra*.

This case arises in the Sixth Circuit, which has not ignored Steel Co. The Sixth Circuit and its district courts have emphatically held that standing must be addressed prior to entertaining

the merits.  See, e.g., Midwest Media Property, LLC v. Symmes Twp., 503 F.3d 456, 470 (6th Cir.2007) ("'The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." [Steel Co., 523 U.S. 83] (internal quotation marks and citations omitted). A court should not analyze or resolve substantive issues before addressing the issue of standing. 'Before turning to the merits, [a court] must address the plaintiffs' standing to raise several constitutional claims and [ ] must do so even though some of those constitutional claims are easier to resolve than the standing question attached to them.' 1064 Old River Road, Inc. v. City of Cleveland, 137 F. App'x 760, 764 (6th Cir. 2005) (citation omitted) (unpublished opinion). A district court may not avoid the standing issue and proceed to a determination on the merits because 'standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal.' McConnell v. FEC, 540 U.S. 93, 227, 124 S. Ct. 619, 157 L. Ed. 2d 491 (2003) (quoting Warth v. Seldin, 422 U.S. 490, 500, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).").

In addition, this Court has also made such findings.  In De Angelis v. Natl. Entertainment Group, S.D.Ohio No. 2:17-CV-924, 2018 U.S. Dist. LEXIS 243810, at *5 (July 25, 2018), this Court held: "the Court must determine if [the plaintiff] has standing because such an analysis concerns this Court's subject matter jurisdiction, and the Court *must* satisfy itself that subject matter jurisdiction exists *before* it can proceed with this case."  (Emphasis added) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ("Every federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction"); id. at 94-95 ("The requirement that jurisdiction be established as a **threshold matter** springs from the nature and limits of the judicial power of the United States and is **inflexible and without exception**.") (emphasis added; internal quotations omitted); Coal Operators & Assocs., Inc. v.

Babbitt, 291 F.3d 912, 915 (6th Cir. 2002) ("[S]tanding to sue is a jurisdictional requirement."); Nat'l Ass'n of Minority Contractors, Dayton Chapter v. Martinez, 248 F. Supp. 2d 679, 686 (S.D. Ohio 2002) (raising issue of standing "*sua sponte* because [it] bears on [the court's] subject matter jurisdiction"); In re Foreclosure Cases, No. 07-CV-1047, 2007 U.S. Dist. LEXIS 95673, 2007 WL 4589765, at *1-2 (S.D. Ohio Dec. 27, 2007) ("Standing issues may be raised *sua sponte* by a court because the 'core component' of the constitutional standing inquiry is rooted in Article III's Case or Controversy requirement and concerns a court's subject matter jurisdiction.") (internal citations omitted)).

Because standing is an essential requirement to the *threshold* determination of subject-matter jurisdiction—this Court's power to hear the dispute—the Defendants have respectfully requested a continuance of the hearing on the *merits* of the preliminary injunction hearing. Resolving the threshold determination first, through a stay on the preliminary injunction hearing, will conserve the resources of the parties and this Court. Without a stay, all involved will be required to prepare for a hearing on the merits that will likely never have to be reached.[1]

Accordingly, Defendants respectfully move this Court to continue the preliminary injunction hearing and stay its rescheduling unless and until this Court determines that it has subject matter jurisdiction over Plaintiff's Complaint.

### III. CONCLUSION

Based on the foregoing, Defendants Olentangy Local School District Board of Education, Kevin Daberkow, Brandon Lester, Kevin O'Brien, Libby Wallick, LaKesha Wyse, Mark T. Raiff, Randy Wright, and Peter Stern respectfully request this Court continue the hearing set on

---

[1] See, e.g., Parents Defending Edn. v. Linn-Mar Community School Dist., N.D.Iowa No. 22-CV-78 CJW-MAR, 2022 U.S. Dist. LEXIS 169459 (Sep. 20, 2022) (finding similarly-situated plaintiffs lacked standing to pursue a similarly-requested injunction).

Plaintiff's Motion for Preliminary Injunction unless and until this Court determines it has jurisdiction.

Respectfully submitted,

*/s/ Bartholomew T. Freeze*
Bartholomew T. Freeze (0086980)
Myrl H. Shoemaker, III (0099149)
FREUND, FREEZE & ARNOLD
Capitol Square Office Building
65 East State Street, Suite 800
Columbus, OH  43215-4247
Phone: (614) 827-7300
Fax: (614) 827-7303
bfreeze@ffalaw.com
mshoemaker@ffalaw.com
*Counsel for Defendants Olentangy Local School District Board of Education, Mark T. Raiff, Randy Wright, Peter Stern, Kevin Daberkow, Brandon Lester, Kevin O'Brien, Libby Wallick and LaKesha Wyse*

and

Jessica K. Philemond (0076761)
Sandra R. McIntosh (0077278)
Mitchell L. Stith (0096759)
SCOTT SCRIVEN LLP
250 E. Broad St., Suite 900
Columbus, OH 43215
jessica@scottscrivenlaw.com
sandra@scottscrivenlaw.com
mitch@scottscrivenlaw.com
*Co-Counsel for Defendant Olentangy Local School District Board of Education*

- 6 -

**CERTIFICATE OF SERVICE**

    A true and accurate copy of the foregoing was served this 10th day of July 2023, via the Court's electronic filing system, upon:

| | |
|---|---|
| Emmett E. Robinson (OH Bar No. 88537) | J. Michael Connolly |
| Trial Attorney | Taylor A.R. Meehan |
| ROBINSON LAW FIRM LLC | James F. Hasson |
| 6600 Lorain Ave. #731 | Thomas S. Vaseliou |
| Cleveland, OH 44102 | CONSOVOY McCARTHY PLLC |
| Telephone: (216) 505-6900 | 1600 Wilson Blvd., Ste. 700 |
| Facsimile: (216) 649-0508 | Arlington, VA 22209 |
| erobinson@robinsonlegal.org | mike@consovoymccarthy.com |
| Counsel for Plaintiff | taylor@consovoymccarthy.com |
| | james@consovoymccarthy.com |
| | tvaseliou@consovoymccarthy.com |

    /s/ Bartholomew T. Freeze
    Bartholomew T. Freeze (0086980)