IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PARENTS DEFENDING EDUCATION,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Case No. 2:23-cv-01595** |
| v. | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| **OLENTANGY LOCAL SCHOOL** | : | |
| **DISTRICT BOARD OF EDUCATION,** | : | **Magistrate Judge Kimberly A. Jolson** |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss and to Continue (ECF No. 16). In the motion, Defendants argue that this matter should be dismissed for lack of standing, and ask that the preliminary injunction hearing, presently scheduled for July 24, 2023, at 10:00 a.m., be continued pending a decision on the standing issue. The parties have provided expedited briefing on this topic, at the request of this Court.

It is, of course, well-established that "[s]ubject matter jurisdiction is always a threshold determination," *Am. Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and thus that federal courts cannot hear cases over which they lack jurisdiction. But the plethora of cases that Defendants cite, which simply reiterate this fundamental tenet of Article III, do not support their contention that this Court must withhold its consideration of Plaintiff's Motion for Preliminary Injunction (ECF No. 7) until it arrives at a final opinion on the standing question; in fact, they are silent on that question. (*See generally* Defs.' Reply Br. at 2–4, ECF No. 22) (collecting cases).

To the contrary, this Court need not wait. As the Sixth Circuit has explained, when a party seeks a preliminary injunction on the basis of a potential constitutional violation, "the

merits on which plaintiff must show a likelihood of success encompass not only substantive theories but also establishment of jurisdiction and standing." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 900 F.3d 250, 256 n.4 (6th Cir. 2018) (cleaned up) (first quoting *Obama v. Klayman*, 800 F.3d 559, 565 (D.C. Cir. 2015); then quoting *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015)).  In other words, a plaintiff need not establish standing in full before seeking (or being granted) a preliminary injunction; she need only make a showing that there is a substantial likelihood she will be able to do so.

Before this Court reaches a full merits decision, of course, it must first "satisfy itself that subject matter jurisdiction exists." *De Angelis v. Nat'l Ent. Grp.*, No. 2:17-cv-00924, 2018 WL 11316612, at *2 (S.D. Ohio July 25, 2018).  But at this preliminary stage, with a request for emergency relief pending, this Court need only make a preliminary determination on jurisdiction—*i.e.*, deciding whether Plaintiff has a substantial likelihood of establishing standing—while deferring final resolution of the issue.  Accordingly, the request to continue the preliminary injunction hearing is **DENIED**.  This Order addresses only the portion of Defendants' motion that asks for a continuance and provides no opinion as to the concurrently filed motion to dismiss.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATE:  July 12, 2023**