IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PARENTS DEFENDING EDUCATION, | : | |
| Plaintiff, | : | Case No.: 2:23-cv-1595 |
| v. | : | Judge Algenon L. Marbley |
| OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*, | : | Magistrate Judge Kimberly A. Jolson |
| Defendants. | : | |

**OPINION & ORDER GRANTING PRELIMINARY INJUNCTION**

This matter comes before this Court on Plaintiff Defending Education's[1] May 2023 motion seeking a preliminary injunction to enjoin the enforcement of several policies of Defendant Olentangy Local School District Board of Education (the "School District"). (*See* ECF No. 7 at 1–3). The School District's policies govern student conduct and speech by prohibiting harassment and bullying and regulating student use of communication devices; in effect, they would prohibit the intentional misgendering of transgender students. Plaintiff argued that these policies violated the First and Fourteenth Amendment rights of its members and its members' children. In July 2023, this Court denied Plaintiff's preliminary injunction motion, determining that Plaintiff had failed to establish a substantial likelihood of success on the merits of its First Amendment claim. *Parents Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, 684 F. Supp. 3d 684, 690 (S.D. Ohio 2023) (Marbley, J.). Plaintiff appealed, and a divided Sixth Circuit panel affirmed. *Parents*

---

[1] Plaintiff Parents Defending Education notified the Sixth Circuit that it changed its name from "Parents Defending Education" to "Defending Education." Notice of Name Change, Case No. 23-3630, ECF No. 249 at 1 (6th Cir. Apr. 11, 2025).

*Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, 109 F.4th 453, 474 (6th Cir. 2024). That decision was vacated, and the appeal was heard en banc. 120 F.4th 536 (6th Cir. 2024).

The full Sixth Circuit—in an opinion drawing multiple concurrences and a vigorous dissent—reversed and remanded the case to this Court for the issuance of an "appropriately tailored" preliminary injunction "barring the [school] district from punishing students for the commonplace use of biological pronouns." *Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, 158 F.4th 732, 738 (6th Cir. 2025) (en banc). At the same time, the majority was clear that "nothing" in its opinion "forecloses the [school] district from enforcing its anti-harassment policies against the abuse of transgender students just as it enforces those policies against the abuse of all other students." *Id.*

Following remand, the parties filed a "Joint Status Report" and requested that this Court enter their proposed preliminary injunction, which they agreed was "consistent" with the Sixth Circuit's en banc opinion. (ECF No. 45 at 1; *see* ECF No. 45-1). Upon review, this Court determines that the proposed preliminary injunction is appropriately "narrow"[2] in scope, *Defending Educ.*, 158 F.4th at 753, and grants it (as modified for clarity and style).

I.   **PRELIMINARY INJUNCTION**

Before this Court is Plaintiff's motion for a preliminary injunction, filed May 11, 2023. Having considered the motion, opposition, case file, and applicable law, including the Sixth Circuit's en banc decision in this case:

---

[2] During the appeal, the School District amended its anti-harassment and communication device rules, and Plaintiff changed its requested relief to "an injunction that bars the School District only 'from punishing students for misgendering other students' based on their honest belief that only two genders exist and that individuals cannot change their genders." *Defending Educ.*, 158 F.4th at 743; *see id.* at 753 (characterizing Defending Education's revised request for preliminary injunctive relief as "narrow"); *accord id.* at 799 (Stranch, J., dissenting) (same).

2

Defendants are hereby **ENJOINED**, during the pendency of this action, from taking any action to enforce the policies challenged by Plaintiff in this action (*i.e.*, Policy 5517, Policy 5136, and the Code of Conduct) against Plaintiff's members or their children for referring to another student, in a commonplace way, using pronouns that are consistent with the other student's birth sex but inconsistent with that student's gender identity. If any Defendant takes any action against one or more of Plaintiff's members or one or more of their children in violation of this Order, any member or member's child subject to such action may disclose the membership to the Defendant (including by making such disclosure through counsel), whereupon that Defendant must cease and/or reverse the violating action.

It shall not be a violation of this Order for Defendants to enforce the anti-harassment policies challenged by Plaintiff in this action (*i.e.*, Policy 5517, Policy 5136, and the Code of Conduct) to prevent the abuse of transgender students, just as they enforce those policies to prevent the abuse of all other students.

## II. CONCLUSION

Public schools exist to educate children; to do so, they must necessarily safeguard their students. *Parents Defending Educ.*, 684 F. Supp. 3d at 701; *accord Defending Educ.*, 158 F.4th at 794–95 (Stranch, J., dissenting). Controversy over gender and sexuality presents teachers and school administrators with the unenviable task of navigating a "veritable minefield" of political disagreement while trying to educate their students. Zachary A. Kayal, *He/She/They 'Say Gay': A First Amendment Framework for Regulating Classroom Speech on Gender and Sexuality*, 57 Colum. J. L. & Soc. Probs. 57, 59 (2024); *see generally Defending Educ.*, 158 F.4th at 753–54; *see also* Katie Eyer, *Anti-Transgender Constitutional Law*, 77 Vand. L. Rev. 1113, 1129–31 (2024). Here, as the Sixth Circuit has noted and consistent with the scope and express terms of

this preliminary injunction, the School District remains empowered to "bar abusive 'invective' that targets 'specific' students," including "transgender students," *Defending Educ.*, 158 F.4th at 757, just as it can still discipline bullying in general, *see id.* at 738, 753, 759; *accord id.* at 792 (Bush, J., concurring); *see also id.* at 767 (Kethledge, J., concurring).

Though Plaintiff's members and their children may refer to another student using certain pronouns that are consistent with that student's birth sex but inconsistent with that student's gender identity, they need not do so. In granting this preliminary injunction, this Court reiterates the hope expressed by Judges Kethledge and Stranch that Plaintiff's members and their children may elect to show grace to their fellow students. *Defending Educ.*, 158 F.4th at 768 (Kethledge, J., concurring); *id.* at 814 (Stranch, J., dissenting).

**IT IS SO ORDERED.**

*[signature]*
ALGENON L. MARBLEY
**UNITED STATES DISTRICT JUDGE**

**DATED:  January 27, 2026**