**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DEFENDING EDUCATION,

*Plaintiff,*

v.

OLENTANGY LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION, *et al.*,

*Defendants.*

Case No. 2:23-cv-01595

**JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT AND ORDER**

Plaintiff Defending Education and Defendants, Olentangy Local School District Board of Education (the "District"); Mark T. Raiff, in his official capacity as Superintendent of Olentangy Local School District; Randy Wright, in his official capacity as Olentangy's Chief of Administrative Services; Peter Stern, in his official capacity as Olentangy's Assistant Director of Equity and Inclusion; and Kevin Daberkow, Brandon Lester, Kevin O'Brien, Libby Wallick, and Lakesha Wyse, in their official capacities as members of the Olentangy Board of Education (together, "Defendants"), have agreed to a Proposed Consent Judgment and Order, attached hereto as Exhibit A. If entered by the Court, the Proposed Consent Judgment and Order would settle and resolve all matters in dispute in this action. The parties respectfully request that the Court enter the Proposed Consent Judgment and Order as final judgment in this matter, and state as follows in support of that request:

1. Defending Education brought the claims asserted in this action on behalf of its members, including Parents A, B, C, and D (the "Parents"), in May 2023.

2. On May 11, 2023, Defending Education moved for a preliminary injunction relating to its claims concerning the District's "Anti-Harassment" Policy (Policy 5517), "Personal Communication Devices" Policy (Policy 5136), and the "discriminatory language" and "harassment" provisions in the District's Code of Conduct (together, "Policies"). *See* Dkt. 7.

3.      On July 28, 2023, this Court denied Defending Education's preliminary injunction motion.  S*ee* Dkt. 28.

4.      On July 29, 2024, a panel of the U.S. Court of Appeals for the Sixth Circuit affirmed the District Court's denial of Defending Education's preliminary injunction motion.  *See Defending Educ. v. Olentangy Local Sch. Dist. Bd. of Educ.*, No. 23-3630, Doc. 89.

5.      On November 1, 2024, the U.S. Court of Appeals for the Sixth Circuit granted Defending Education's petition for rehearing en banc, vacating the July 29, 2024 panel opinion.  *See* Doc. 132.

6.      On November 6, 2025, the en banc Sixth Circuit reversed the denial of Defending Education's preliminary injunction motion and, concluding that "Defending Education is entitled to an appropriately tailored preliminary injunction," remanded for proceedings consistent with its opinion.  Doc. 253-2.

7.      On January 27, 2026, this Court granted the preliminary injunction proposed by the parties (as modified for clarity and style) on remand from the Sixth Circuit.  *See* Dkt. 45-1; Dkt. 46.

8.      On May 7, 2026, the parties came to agreement on the terms of the attached Proposed Consent Judgment and Order, which, if entered, would finally resolve this litigation.

9.      The key terms of that Proposed Consent Judgment and Order are as follows:

(a)      The District shall not take any action to enforce the policies challenged by Defending Education in this action (*i.e.*, Policy 5517, Policy 5136, and the "discriminatory language" and "harassment" provisions of the District Code of Conduct) against any student for referring to another student, in a commonplace way, using pronouns that are consistent with the other student's birth sex but inconsistent with that student's gender identity.  It shall not be a violation of the Proposed Consent Judgment and Order for the District to

2

enforce the anti-harassment policies challenged by Defending Education in this action (*i.e.*, Policy 5517, Policy 5136, and the "discriminatory language" and "harassment" provisions of the District Code of Conduct) to prevent the abuse of transgender students just as it enforces those policies against the abuse of all other students.  This provision is in line with this Court's preliminary injunction entered on January 27, 2026.  *See* Dkt. 46.

(b)     In addition, the District shall ensure that, on or before the first day for students for the upcoming 2026-2027 school year, appropriate training is provided on the requirements of the injunction set forth in paragraph 9(a) above.  That training will include information that will be communicated by email to District staff reminding them of the obligations in paragraph 9(a), and information that will be presented to District staff during back-to-school professional development training.

(c)     For its part, Defending Education has agreed that the Proposed Consent Judgment and Order will constitute full and final resolution of all claims asserted in this action.

(d)     Each party will bear their own fees and costs, and Defending Education has waived any claim to fees in this action under 42 U.S.C. § 1988 and other similar statutes.

10.     The parties submit that the terms of the Proposed Consent Judgment and Order are "fair, adequate, and reasonable, as well as consistent with the public interest."  *See United States v. Lexington-Fayette Urb. Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010) (setting forth "criteria to be applied when a district court decides whether to approve and enter a proposed consent decree") (internal quotation marks omitted).

11. First, the Proposed Consent Judgment and Order is fair, adequate, and reasonable. It is the result of good-faith and extensive negotiations among the parties, who have determined that the respective risks and potential costs of continued litigation to both sides weigh in favor of settling this case on the terms to which the parties have agreed. *See Bureau of Consumer Fin. Prot. v. Fifth Third Bank*, 2024 WL 3451080, at *2 (S.D. Ohio July 18, 2024). The proposed provision concerning the challenged policies, *see supra* ¶9(a), is the same as that which this Court entered on a preliminary basis and determined to be "appropriately 'narrow' in scope." Dkt. 46, at 2. The District considers this provision to be fair, adequate, and reasonable because it "remains empowered to bar abusive invective that targets specific students, including transgender students, just as it can still discipline bullying in general." Dkt. 46, at 4 (internal quotation marks and citations omitted). The only difference between the preliminary injunction entered by the Court and the Proposed Consent Judgment and Order is that the District has undertaken an affirmative obligation to educate its faculty about its terms. The District considers the faculty-training requirement to be fair, adequate, and reasonable because educating its faculty about their legal obligations is consistent with District policy. Defending Education has also determined that the Proposed Consent Judgment and Order is fair, adequate, and reasonable as to it and its members represented in this lawsuit because it allows for the use of pronouns consistent with a person's birth sex in a commonplace way.

12. Second, the Proposed Consent Judgment and Order is consistent with the public interest. As this Court has noted, there is an "underlying public policy that favors settling disputes, thereby avoiding (or at least reducing the length of) complex, costly, time-consuming litigation." *Fifth Third Bank*, 2024 WL 3451080, at *2. Moreover, the Proposed Consent Judgment and Order strikes a balance between what the parties view as important public concerns. On the one hand, Defending Education has negotiated relief that it believes is consistent with the Sixth Circuit's opinion and the First Amendment. And on the other, the District has secured the end of a long-running litigation

that, absent entry of the Proposed Consent Judgment and Order, could continue for many months more and end with an order that the District must bear Defending Education's fees and costs. Entering the Proposed Consent Judgment and Order would put an end to those risks and associated costs, meaning that the District can ensure that all available resources remain focused where they can best serve the public interest: educating students.  Moreover, as explained above, the District has retained its ability to prevent the abuse of transgender students through bullying or harassment.

For the foregoing reasons, the parties respectfully request that the Court enter the attached Proposed Consent Judgment and Order as final judgment in this case.

Dated: May 12, 2026                                                  Respectfully submitted,


/s/ J. Michael Connolly
J. Michael Connolly (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com

Emmett E. Robinson (OH Bar No. 88537)
Trial Attorney
ROBINSON LAW FIRM LLC
6600 Lorain Ave. #731
Cleveland, OH 44102
Phone: (216) 505-6900
erobinson@robinsonlegal.org

*Counsel for Plaintiff Defending Education*

/s/ Jessica K. Philemond
Jessica K. Philemond (OH Bar No. 76761)
Sandra R. McIntosh (OH Bar No. 77278)
Mitchell L. Stith (OH Bar No. 96759)
SCOTT SCRIVEN LLP
250 E. Broad St., Ste. 900
Columbus, OH 43215
jessica@scottscrivenlaw.com
sandra@scottscrivenlaw.com

mitch@scottscrivenlaw.com

*Counsel for Defendants*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DEFENDING EDUCATION,

*Plaintiff,*

v.

OLENTANGY LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION, *et al.,*

*Defendants.*

Case No. 2:23-cv-01595

**[PROPOSED] CONSENT JUDGMENT AND ORDER**

WHEREAS, by complaint filed on May 11, 2023, Plaintiff Defending Education has asserted various constitutional claims against Defendants Olentangy Local School District Board of Education; Mark T. Raiff, in his official capacity as Superintendent of Olentangy Local School District; Randy Wright, in his official capacity as Olentangy's Chief of Administrative Services; Peter Stern, in his official capacity as Olentangy's Assistant Director of Equity and Inclusion; and Kevin Daberkow, Brandon Lester, Kevin O'Brien, Libby Wallick, and Lakesha Wyse, in their official capacities as members of the Olentangy Board of Education ("Defendants");

WHEREAS, Defending Education brought its claims on behalf of its members, including Parents A, B, C, and D (the "Parents");

WHEREAS, on May 11, 2023, Defending Education moved for a preliminary injunction relating to its claims concerning the District's "Anti-Harassment" Policy (Policy 5517), "Personal Communication Devices" Policy (Policy 5136), and the "discriminatory language" and "harassment" provisions in the District's Code of Conduct (together, "Policies"), *see* Dkt. 7;

WHEREAS, on July 28, 2023, the U.S. District Court for the Southern District of Ohio denied Defending Education's preliminary injunction motion, *see* Dkt. 28;

1

WHEREAS, on July 29, 2024, a panel of the U.S. Court of Appeals for the Sixth Circuit affirmed the District Court's denial of Defending Education's preliminary injunction motion, *see Defending Educ. v. Olentangy Local Sch. Dist. Bd. of Educ.*, No. 23-3630, Doc. 89;

WHEREAS, on November 1, 2024, the U.S. Court of Appeals for the Sixth Circuit granted Defending Education's petition for rehearing en banc, vacating the July 29, 2024 panel opinion, *see* Doc. 132;

WHEREAS, on November 6, 2025, the en banc Sixth Circuit reversed the District Court's denial of Defending Education's preliminary injunction motion and, concluding that "Defending Education is entitled to an appropriately tailored preliminary injunction," reversed and remanded for proceedings consistent with its opinion, Doc. 253-2;

WHEREAS, on January 27, 2026, the U.S. District Court for the Southern District of Ohio granted the preliminary injunction proposed by the parties (as modified by the Court for clarity and style) on remand from the Sixth Circuit, *see* Dkt. 45-1; Dkt. 46;

NOW, THEREFORE, to conserve judicial resources and to avoid the time and expense of further litigation, the parties hereby stipulate, and the Court hereby orders, as follows:

1. The District shall not take any action to enforce the policies challenged by Defending Education in this action (*i.e.*, Policy 5517, Policy 5136, and the "discriminatory language" and "harassment" provisions in the District's Code of Conduct) against any student for referring to another student, in a commonplace way, using pronouns that are consistent with the other student's birth sex but inconsistent with that student's gender identity.  It shall not be a violation of this Consent Judgment for the District to enforce the anti-harassment policies challenged by Defending Education in this action (*i.e.*, Policy 5517, Policy 5136, and the "discriminatory language" and "harassment" provisions in the District's Code of Conduct) to prevent the abuse of transgender students just as it enforces those policies against the abuse of all other students.

2

2.      The District shall ensure that, on or before the first day for students for the upcoming 2026-2027 school year, appropriate training is provided on the requirements set forth in Paragraph 1, above, to all employees who interact with students. That training will include information that will be communicated by email to District staff reminding them of the obligations under this Consent Judgment, and information that will be presented to District staff during back-to-school professional development training.

3.      This District Court shall retain jurisdiction of this litigation and over the Parties for purposes of enforcement or modification of this Consent Judgment.

4.      This Consent Judgment fully resolves all claims and demands in this action without costs, disbursements, or attorneys' fees to any party.

_____
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that on May 12, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification to all counsel of record.

*/s/ Jessica K. Philemond*