IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PARENTS DEFENDING EDUCATION, | : | |
| | : | |
| **Plaintiff,** | : | Case No.: 2:23-cv-1595 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| OLENTANGY LOCAL SCHOOL | : | Magistrate Judge S. Courter Shimeall |
| DISTRICT BOARD OF EDUCATION, | : | |
| *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## CONSENT JUDGMENT AND ORDER

This matter comes before the Court on the parties' Joint Motion for Entry of Consent Judgment and Order (ECF No. 59).  The parties have reached an agreement that "would settle and resolve all matters in dispute in this action," and seek Court entry of the Proposed Consent Judgment and Order as a final judgment in the case.  (*Id.* at 1).  Upon review of the Joint Motion and the record in this case, the Court determines that the Proposed Consent Judgment and Order "is 'fair, adequate, and reasonable, as well as consistent with the public interest.'"  *United States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010) (citations omitted); *see Bureau of Consumer Fin. Prot. v. Fifth Third Bank, N.A.*, 2024 WL 3451080, at *1 (S.D. Ohio July 18, 2024) (Cole, J.) (Court's decision to issue a permanent injunction or consent decree "is largely guided by [these] traditional equitable principles").

As the parties represent, the Proposed Consent Judgment and Order is "the result of good-faith and extensive negotiations among the parties" based on the Court's prior preliminary injunction, *see Parents Defending Educ. v. Olentangy Loc. Sch. Bd. Dist. of Educ.*, 2026 WL 205616, at *2 (S.D. Ohio, Marbley, J.), with an added "affirmative obligation" for the Olentangy

1

Local School District Board of Education (the "School District") to "educate its faculty" about the terms of the parties' settlement here in advance of the upcoming 2026–27 school year. (ECF No. 59 at 4). The Court "sees no reason to upset" the parties' conclusion that the terms they have reached are fair, adequate, and reasonable. *Fifth Third Bank*, 2024 WL 3451080, at *2.

Additionally, the Court finds that the parties' settlement of this dispute through the Proposed Consent Judgment and Order is in the public interest. Public policy favors settling disputes by minimizing the need for complex, costly, or time-consuming litigation. *See Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) ("The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation."); *accord Fifth Third Bank*, 2024 WL 3451080, at *2. Here, the parties' Proposed Consent Judgment and Order is consistent with the Court's preliminary injunction, which protects the First Amendment rights of Plaintiff's members and its members' children while also maintaining the School District's ability to prevent the abuse of transgender students through bullying or harassment. The Court finds that its entry is in the public interest.

Thus, the Court concludes that entering the Proposed Consent Judgment and Order would constitute an appropriate exercise of its equitable powers. The Court adopts the parties' Proposed Order (*see* ECF No. 59) as follows:

## I. CONSENT JUDGMENT

**WHEREAS,** by complaint filed on May 11, 2023, Plaintiff Defending Education has asserted various constitutional claims against Defendants Olentangy Local School District Board of Education; Mark T. Raiff, in his official capacity as Superintendent of Olentangy Local School District; Randy Wright, in his official capacity as Olentangy's Chief of Administrative Services;

Peter Stem, in his official capacity as Olentangy's Assistant Director of Equity and Inclusion; and Kevin Daberkow, Brandon Lester, Kevin O'Brien, Libby Wallick, and Lakesha Wyse, in their official capacities as members of the Olentangy Board of Education ("Defendants");

**WHEREAS,** Defending Education brought its claims on behalf of its members, including Parents A, B, C, and D (the "Parents");

**WHEREAS,** on May 11, 2023, Defending Education moved for a preliminary injunction relating to its claims concerning the School District's "Anti-Harassment" Policy (Policy 5517), "Personal Communication Devices" Policy (Policy 5136), and the "discriminatory language" and "harassment" provisions in the School District's Code of Conduct (together, "Policies"), *see* ECF No. 7;

**WHEREAS,** on July 28, 2023, the U.S. District Court for the Southern District of Ohio denied Defending Education's preliminary injunction motion, *see Parents Defending Educ. v. Olentangy Loc. Sch. Bd. Dist. of Educ.*, 684 F. Supp. 3d 684 (S.D. Ohio 2023) (Marbley, J.);

**WHEREAS,** on July 29, 2024, a panel of the U.S. Court of Appeals for the Sixth Circuit affirmed the District Court's denial of Defending Education's preliminary injunction motion, *see Parents Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, 109 F.4th 453 (6th Cir. 2024);

**WHEREAS,** on November 1, 2024, the U.S. Court of Appeals for the Sixth Circuit granted Defending Education's petition for rehearing en banc, vacating the July 29, 2024 panel opinion, *see* 120 F.4th 536 (6th Cir. 2024);

**WHEREAS,** on November 6, 2025, the en banc Sixth Circuit reversed the District Court's denial of Defending Education's preliminary injunction motion and, concluding that "Defending Education is entitled to an appropriately tailored preliminary injunction," reversed and remanded

3

for proceedings consistent with its opinion, *see Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, 158 F.4th 732 (6th Cir. 2025) (en banc);

**WHEREAS,** on January 27, 2026, the U.S. District Court for the Southern District of Ohio granted the preliminary injunction proposed by the parties (as modified by the Court for clarity and style) on remand from the Sixth Circuit, *see Parents Defending Educ.*, 2026 WL 205616, at *1 (citing ECF No. 45-1);

**NOW, THEREFORE,** to conserve judicial resources and to avoid the time and expense of further litigation, the parties hereby stipulate, and the Court hereby **ORDERS,** as follows:

1.     The School District shall not take any action to enforce the Policies challenged by Defending Education in this action (*i.e.*, Policy 5517, Policy 5136, and the "discriminatory language" and "harassment" provisions in the School District's Code of Conduct) against any student for referring to another student, in a commonplace way, using pronouns that are consistent with the other student's birth sex but inconsistent with that student's gender identity.  It shall not be a violation of this Consent Judgment for the School District to enforce the anti-harassment Policies challenged by Defending Education in this action (*i.e.*, Policy 5517, Policy 5136, and the "discriminatory language" and "harassment" provisions in the School District's Code of Conduct) to prevent the abuse of transgender students just as it enforces those Policies against the abuse of all other students.

2.     The School District shall ensure that, on or before the first day for students for the upcoming 2026–2027 school year, appropriate training is provided on the requirements set forth in Paragraph 1, above, to all employees who interact with students.  That training will include information that will be communicated by email to School District staff reminding them of the

4

obligations under this Consent Judgment, and information that will be presented to School District staff during back-to-school professional development training.

3.      This District Court shall retain jurisdiction of this litigation and over the parties for purposes of enforcement or modification of this Consent Judgment.

4.      This Consent Judgment fully resolves all claims and demands in this action without costs, disbursements, or attorneys' fees to any party.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  May 15, 2026**

5